UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

JOSEPH P. HADDAD

No. 3:13-cr-144 (SRU)

## RULING AND ORDER

Joseph Haddad pleaded guilty to mail fraud and conspiracy to commit mail fraud and at sentencing he was ordered to pay $1,758,368 in restitution to his victims. When I imposed the sentence, I indicated that that amount was "payable immediately" (as Haddad quotes in his present motion), and that any portion that remained unpaid at the commencement of his supervised release would be payable on a specified schedule, subject to adjustment. Some time later, the government sought a writ of garnishment to enforce collection of restitution against a bank account where Haddad held assets. I granted the government's application and a writ issued. Haddad now moves to vacate the order of garnishment, and he files a brief with almost no argument but which implies that the motion should be granted because Haddad had no opportunity to object to the government's motion or because the bank account in question was held jointly.

Haddad's motion suggests no basis on which I can grant the requested relief. The government sought a writ of garnishment under 28 U.S.C. § 3205. When the essential requirements of that statute are met, which they were in this case, the district court "*shall* issue an appropriate writ of garnishment." 28 U.S.C. § 3205(c)(1) (emphasis added). I accordingly did issue it. A limited hearing to ensure compliance with statutory requirements would have been available under 28 U.S.C. § 3202(d) if Haddad has requested one within 20 days of being served,

but he did not do so. In any case, the government does appear to have complied with all statutory requirements, and Haddad does not now argue or allege otherwise.

      The motion to vacate the order of garnishment (doc. # 71) is accordingly denied.

      So ordered.

Dated at Bridgeport, Connecticut, this 6th day of May 2016.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge